In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-04-00015-CV
______________________________


LEWIS RIDER, Appellant
Â 
V.
Â 
HOME INDEMNITY CO., A/K/A HOME INSURANCE CO., Appellee


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

On Appeal from the County Court at Law No. 2
Gregg County, Texas
Trial Court No. 99-1807-B


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Justice Carter


MEMORANDUM OPINION

Â Â Â Â Â Â Â Â Â Â Â Â Lewis Rider, appellant, has filed a motion asking this Court to dismiss his appeal. Pursuant
to Tex. R. App. P. 42.1(a), his motion is granted.
Â Â Â Â Â Â Â Â Â Â Â Â We dismiss the appeal.
Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Jack Carter
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Justice

Date Submitted:Â Â Â Â Â Â Â Â Â Â March 8, 2004
Date Decided:Â Â Â Â Â Â Â Â Â Â Â Â Â March 9, 2004



d="false" Name="Medium Shading 2"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 












 
 
 
 
 
 
 




Â 

Â 

Â 

Â 

Â 

Â 

Â 

Â 

Â 

 In
The

   Court
of Appeals

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Sixth
Appellate District of Texas at Texarkana

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  ______________________________

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  No. 06-11-00090-CR

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  ______________________________

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  DARONDA MODENA SIKES,
Appellant

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  V.

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  THE STATE OF TEXAS, Appellee

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 


Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  On Appeal from the 6th Judicial District Court

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Red
River County, Texas

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Trial Court
No. CR01566

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

Â 

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Before Morriss, C.J.,
Carter and Moseley, JJ.

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Memorandum Opinion by Chief Justice Morriss








Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  MEMORANDUM OPINION

Â 

Â Â Â Â Â Â Â Â Â Â Â  After a Red
River County jury found Daronda Modena Sikes guilty of possession of
methamphetamine, between one and four grams,[1]
the trial court, without any objection from SikesÂ counsel, ordered community
supervision,[2] conditioned
that Sikes first serve 180 days in county jail and then complete a substance
abuse felony program.Â  On appeal, Sikes
complains of those conditions of community supervision and of the
representation by her trial counsel.Â  We
affirm the trial courtÂs judgment because (1) the conditions placed on SikesÂ
community supervision were permitted and (2) SikesÂ trial counsel was not shown
to have been ineffective.

(1)Â Â Â Â Â Â Â  The Conditions Placed on SikesÂ Community
Supervision Were Permitted

Â 

Â Â Â Â Â Â Â Â Â Â Â  Sikes
complains that when the trial court ordered, as conditions of community
supervision, that Sikes first serve 180 days in the county jail, then complete
a substance abuse felony program,[3]
such conditions were beyond the trial courtÂs authority.

Â Â Â Â Â Â Â Â Â Â Â  The
trial court followed the juryÂs recommendation of a three-year sentence
probated for seven years, but also imposed conditions on the community
supervision.Â  The trial court ordered
Sikes to spend 180 days in the Red River County Jail and, following that
period, that she attend a SAFPF for not less than ninety days and not more than
one year.

Â Â Â Â Â Â Â Â Â Â Â  The
trial court has wide discretion in imposing conditions and terms on a
defendantÂs grant of community supervision.Â 
Speth v. State, 6 S.W.3d 530,
533 (Tex. Crim. App. 1999); see also Tex. Code Crim. Proc. Ann. art. 42.12, Â§
11 (West Supp. 2011).Â  A defendant must
object to any conditions of community supervision that he or she opposes at the
trial court; otherwise, such complaints are not preserved for appellate review.Â  Speth,
6 S.W.3d at 534Â35; Ledet v. State,
177 S.W.3d 213, 221 (Tex. App.ÂHouston [1st Dist.] 2005, pet. refÂd) (failure
to object to 180 daysÂ confinement as condition of community supervision waives
appellate review).Â  Because Sikes posed
no objections to the trial courtÂs conditions at sentencing or in a motion for
new trial, she waived this complaint.

Â Â Â Â Â Â Â Â Â Â Â  In
spite of that waiver, Sikes claims that the trial courtÂs conditions of
community supervision made the sentence illegal, constituting fundamental
error, which may be urged on appeal without preserving the complaint in the
trial court.Â  She directs us to statutory
authority that a trial court may order a defendant confined for not more than
180 days in a county jail as a condition of community supervision.Â  See
Tex. Code Crim. Proc. Ann. art.
42.12, Â§ 12(a) (West Supp. 2011).Â  SikesÂ
reasoning is that, because a stay at a SAFPF necessarily is at least ninety
days,[4]
any time in a SAFPF would push SikesÂ confinement beyond the maximum 180 days
allowed by Article 42.12, SectionÂ 12(a).Â 
Thus, according to Sikes, the trial courtÂs conditions of community
supervision were unauthorized and illegal.

Â Â Â Â Â Â Â Â Â Â Â  As
part of its wide discretion in setting conditions of community supervision, the
trial court here was authorized to require Sikes to serve up to 180 days in the
county jail as a term of community supervision.Â 
Tex. Code Crim. Proc. Ann.
art. 42.12 , Â§ 12(a).Â  Sikes has directed
us to no authority that the trial court cannot impose both conditionsÂcounty
jail time and confinement in a SAFPFÂas conditions of community
supervision.Â Â  Article 42.12, Section
12(a) addresses confinement in a county jail; Article 42.12, Section 14(a)
addresses confinement in a SAFPF.Â  Tex. Code Crim. Proc. Ann. art. 42.12,
Â§Â§ 12(a), 14(a).Â  Sikes argues that,
since she has been ordered confined both in county jail and in a SAFPF, the
trial court exceeded the allowable amount of confinement time as a condition of
community supervision.Â  This argument
ignores the different places of confinement:Â 
the county jail versus the SAFPF.[5]Â  The limit of 180 days for a felony appears
only in Section 12(a), authorizing confinement in a county jail.Â  We have found no authority barring two
separate confinements where each is a distinct, authorized condition of
community supervision.Â  Here, the
confinement in the county jail does not exceed 180 days.Â  Thus, the trial court order did not
constitute an illegal sentence.Â  See Tex.
Code Crim. Proc. Ann. art. 42.12, Â§ 12(a); Tamez v. State, 534 S.W.2d 686, 691 (Tex. Crim. App. 1976).Â  The conditions of community supervision
ordered by the trial court were permissible, not illegal.Â  We overrule this point of error.

(2)Â Â Â Â Â Â Â  SikesÂ Trial Counsel Was Not Shown to
Have Been Ineffective

Â 

Â Â Â Â Â Â Â Â Â Â Â  Sikes
also asserts ineffective assistance from her trial counsel in various actions
taken during trial.Â  In order to
ultimately prevail in a claim that trial counsel was ineffective, a defendant
seeking to challenge counselÂs representation must establish that his or her counselÂs
performance was deficient and prejudiced the defense.[6]
Â Smith
v. State, 286 S.W.3d 333, 340 (Tex. Crim. App. 2009) (citing Strickland, 466 U.S. at 687; Mitchell v. State, 68 S.W.3d 640, 642
(Tex. Crim. App. 2002)). Â Any allegation
of ineffectiveness of counsel must be firmly founded in the record. Â Thompson
v. State, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999); Wallace v. State, 75 S.W.3d 576, 589 (Tex. App.ÂTexarkana 2002), affÂd, 106 S.W.3d 103 (Tex. Crim. App.
2003). Â Sikes bears the burden of proving
by a preponderance of the evidence that her trial counsel was ineffective. Â Thompson,
9 S.W.3d at 813; Cannon v. State, 668 S.W.2d 401, 403 (Tex.
Crim. App. 1984).

Â Â Â Â Â Â Â Â Â Â Â  First,
Sikes must show that counselÂs performance fell below an objective standard of
reasonableness in light of prevailing professional norms. Â Strickland,
466 U.S. at 687Â88. Â There is a strong
presumption that counselÂs conduct fell within the wide range of reasonable
professional assistance and that the challenged action could be considered
sound trial strategy. Â Id. at 689; Tong v. State, 25 S.W.3d 707, 712 (Tex. Crim. App. 2000). Â Therefore, we will not second-guess the
strategy of SikesÂ counsel at trial through hindsight. Â Blott v.
State, 588 S.W.2d 588, 592 (Tex. Crim. App. 1979); Hall v. State, 161 S.W.3d 142, 152 (Tex. App.ÂTexarkana 2005, pet.
refÂd).Â  Any allegation of
ineffectiveness must be firmly founded in the record, and the record must
affirmatively demonstrate the alleged ineffectiveness. Â Thompson,
9 S.W.3d at 813.Â  In most cases, the
record on direct appeal is simply undeveloped and cannot adequately reflect the
failings of trial counsel.Â  Id. at 813Â14; see also Jackson, 877
S.W.2d 768, 771Â72 (Tex. Crim. App. 1994) (en banc) (when record fails to show
why counsel did not present certain evidence at trial on punishment, reviewing
court cannot conclude counselÂs performance deficient).Â  The mere fact that another attorney might
have tried the case differently does not support a finding of ineffective
assistance of counsel. Â Hawkins v.. State, 660 S.W.2d 65, 75 (Tex.
Crim. App. 1983).

Â Â Â Â Â Â Â Â Â Â Â  The
second Strickland prong, prejudice,
requires a showing that, but for counselÂs unprofessional error, there is a
reasonable probability that the result of the proceeding would have been
different. Â Strickland, 466 U.S. at 687Â88. Â A Âreasonable probabilityÂ is a probability
sufficient to undermine confidence in the outcome, meaning that counselÂs
errors were so serious as to deprive the defendant of a fair trial, a trial
whose result is reliable. Â Smith, 286 S.W.3d at 340.

Â Â Â Â Â Â Â Â Â Â Â  In
one of her complaints, Sikes asserts that her trial counsel was deficient in not
objecting to the purportedly illegal sentence assessed by the trial court, i.e.,
the conditions of community supervision imposed.Â  As discussed in the first part of this
opinion, the trial court was within its discretion in implementing the
conditions of community supervision.Â  So,
the sentence was not illegal.Â  Counsel
has no obligation to object to a legal sentence.Â  See
Jacoby v. State, 227 S.W.3d 128, 131
(Tex. App.ÂHouston [1st Dist.] 2006, pet. refÂd) (to prevail on claim counsel
was ineffective for failing to object to allegedly cruel and unusual sentence,
appellant must show trial court would have erred in overruling such objection).[7]

Â Â Â Â Â Â Â Â Â Â Â  Sikes
also claims her trial counsel was ineffective because, in questioning Sikes
during her case-in-chief, counsel asked Sikes about other arrests that resulted
in dismissed charges.Â  Sikes claims this
line of questioning opened the door to damaging cross-examination by the State.Â  We do not find this tactic amounted to
ineffective assistance of counsel. 

Â Â Â Â Â Â Â Â Â Â Â  Sikes
was arrested when a truck in which she was riding was stopped for speeding on a
cold November night between Bogata and Clarksville.Â  Sikes was in the middle of the truckÂs seat;
the truck was driven by Burl Harvey.Â  On
SikesÂ right, in the passenger seat, was a woman named Rhodes.Â  Sikes was wearing a coat she said Harvey gave
her.Â  When she exited the truck, Deputy
Glenn Briggle said Sikes had her right hand balled into a fist and turned her
back to Briggle; she then put her fist in the coatÂs pocket.Â  When Briggle asked her to remove her right
hand from the pocket, Sikes showed the deputy her left hand.Â  Briggle finally had to remove SikesÂ right
hand from the pocket himself.Â  Her hand
was empty, but in the pocket was a small automotive fuse box, in which was
found three small baggies containing 1.67 grams of methamphetamine.Â  Sikes first told the deputy the jacket was
HarveyÂs.Â  She then said Harvey had given
her a piece of gum, which she put in the pocket (no gum was found on Sikes or
in the coat).Â  Finally, Sikes told the
deputy that Harvey had handed the fuse box to her, telling her he was on parole
and could not get caught with Âit.Â[8]Â  

Â Â Â Â Â Â Â Â Â Â Â  Sikes
testified to the jury that she did not know the drugs were in the coat pocket
and that she did not use drugs.[9]Â  SikesÂ defensive theory was that the drugs
belonged to Harvey and were found on SikesÂ person only because she had
borrowed HarveyÂs coat.Â  SikesÂ trial
counsel questioned her about her drug use:Â 
Sikes said she did not use drugs, but drank enough alcohol to give her
cirrhosis of the liver.Â  Her attorney
asked Sikes about an arrest in 1993 for possession of amphetamine, which charge
had been dismissed:Â  Sikes said she did
not remember the case.Â  Counsel asked her
about a charge of fraudulent transfer of a motor vehicle, which was also
dismissed.Â  Sikes explained the charge
revolved around a mix-up in transferring title to a vehicle given her by her
father.Â  Sikes said she had been arrested
a few months before trial on a charge of driving with a suspended license,
which charge was still pending.Â  She
again denied using drugs or knowing that Harvey had drugs on the night of their
arrest (she earlier acknowledged knowing that Harvey had a history of drug use).Â  

Â Â Â Â Â Â Â Â Â Â Â  Sikes
argues that her trial counsel was ineffective for bringing up the topic of her
previous arrests.Â  It is true that the State,
on cross-examination, revisited these incidents and attempted to elaborate on
the circumstances of some of the arrests.Â 
For example, questioning Sikes about the allegation of a fraudulent
motor vehicle transfer, the State asked Sikes if she knew the man to whom she
sold the truck was a convicted drug dealer:Â 
Sikes said she did not.Â  The State
asked Sikes about her recent arrest for driving with a suspended license.Â  When Sikes confirmed the name of the person
at whose house she was arrested, the prosecutor asked her if she knew that
person had been convicted of manufacturing a controlled substance:Â  Sikes denied knowing this.[10]Â  

Â Â Â Â Â Â Â Â Â Â Â  SikesÂ
attorney questioning her about her history of arrests, without convictions,
could be seen as a reasonable way to present her defensive theory that she did
not use drugs and therefore would be less likely to have knowingly possessed
the methamphetamine found on her person.Â 
Sikes complains this questioning allowed the State to question Sikes whether,
and insinuate that, she spent time in the company of drug dealers.Â  However, the State could have broached this
subject simply by virtue of Sikes taking the stand.Â  During cross-examination of a StateÂs
witness, former deputy Briggle, SikesÂ lawyer had established that Harvey had
been indicted for the same possession of methamphetamine for which Sikes was
charged and that Harvey had a prior conviction for possession of a controlled
substance in penalty group 1. Â It is true
that the StateÂs follow-up questions, with their insinuations, did not place
Sikes in a good light.Â  But our review of
trial counselÂs representation is highly deferential and we indulge a strong
presumption that counselÂs conduct falls within a wide range of reasonable
representation. Â Strickland, 466 U.S. at 689; Tong,
25 S.W.3d at 712.Â  ÂWe will not
second-guess through hindsight the strategy of counsel at trial, nor will the
fact that another attorney might have pursued a different course support a
finding of ineffectiveness.Â Â Blackmon v. State, 80 S.W.3d 103, 108
(Tex. App.ÂTexarkana 2002, pet. refÂd).Â 
Without explanation from trial counsel as to his strategy for broaching
these subjectsÂwhere Sikes had indeed been arrested a few times, but never
convicted, and at least two of the prior charges had been dismissedÂwe do not
find Sikes has rebutted the presumption that trial counsel was trying the case
with a reasonable strategy.[11]

Â Â Â Â Â Â Â Â Â Â Â  Even
if Sikes had demonstrated deficient performance by her trial attorney, she has
failed to show that absent these purported errors, there is a reasonable probability
the result of her trial would have been different.Â  The arresting deputy described SikesÂ conduct
and inconsistent stories at the scene.Â 
Even before SikesÂ lawyer questioned her about her earlier arrests, she
testified she bought her car[12]
from a company called Harvey Motors and that she was related to Burl
Harvey.Â  This, and defense counselÂs
earlier admission of the evidence of HarveyÂs prior drug conviction, could have
allowed the State to ask Sikes if she was in the habit of keeping company with
drug users.Â  Had Sikes not taken the
stand, the jury would have been left with the deputyÂs description of her
suspicious behavior at the scene.Â  Sikes
would fail on the prejudice prong of the Strickland
analysis; we find she can meet neither part of the test to show ineffective
assistance of counsel.Â  We overrule this point
of error.

Â Â Â Â Â Â Â Â Â Â Â  We affirm
the trial courtÂs judgment.

Â 

Â Â Â Â Â Â Â Â Â Â Â  Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Josh
R. Morriss, III

Â Â Â Â Â Â Â Â Â Â Â  Â Â Â Â Â Â Â Â Â Â Â  Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Chief
Justice

Â 

Date Submitted:Â Â Â Â Â Â Â Â Â  December
5, 2011Â Â Â Â Â Â  

Date Decided:Â Â Â Â Â Â Â Â Â Â Â Â  January
6, 2012

Â 

Do Not Publish

Â 

Â 

Â 











[1]See Tex.
Health & Safety Code Ann. Â§ 481.115(c) (West 2010).

Â 





[2]The
jury recommended, and Sikes was ordered to serve, a sentence of three years,
probated for seven years.Â  

Â 





[3]ÂSAFPF,Â
where the last ÂFÂ stands for Âfacility;Â the facilities are also referred to
as SATF, substance abuse treatment facilities.Â Â 
See generally Tex. Code Crim. Proc. Ann. art. 42.12,
Â§ 14 (West Supp. 2011).





[4]See Tex.
Code Crim. Proc. Ann. art. 42.12 Â§ 14(a).





[5]Sikes
also argues that because a defendant may receive credit against her ultimate
sentence for time spent in a SAFPF, that further supports the conclusion such
time counts as Âconfinement.ÂÂ  See Tex.
Code Crim. Proc. Ann. art. 42.12, Â§ 23(b) (West Supp. 2011).Â  This argument has no bearing on the instant
situation:Â  a defendant receives credit
against a sentence only after having his or her community supervision revoked
and being sentenced.Â  This still does not
take into account that the two sections authorizing conditions of community
supervision refer to confinement in two separate facilities, county jail and a
SAFPF.

Â 





[6]We
apply the two-pronged Strickland test
handed down by the United States Supreme Court to determine whether Sikes
received ineffective assistance of counsel.Â 
Strickland v. Washington, 466
U.S. 668 (1984). Â Failure to satisfy
either prong of the Strickland test
is fatal. Â Ex parte Martinez, 195 S.W.3d 713, 730 n.14 (Tex. Crim. App. 2006).

Â 





[7]See also Ex parte Thompson, 179
S.W.3d 549, 559Â60 (Tex. Crim. App. 2005) (defendant not entitled to jury
charge on lesser included offense; therefore, counsel not ineffective for
failing to request); McFarland v. State, 845 S.W.2d 824, 846 (Tex. Crim.
App. 1992) (counsel not ineffective for failing to object to admissible
evidence).





[8]Harvey
was also charged with possession of the methamphetamine; the record indicates
he pled guilty to the charge.Â  

Â 





[9]The
sufficiency of the evidence is not questioned.Â 
The arresting deputy testified that Sikes first denied ownership of the
drugs, then said Harvey had handed them to her when the truck was stopped.





[10]The
StateÂs question also implied Sikes had been arrested while flushing a toilet;
Sikes did not answer this part of the question and the State did not pursue
it.Â  In its questioning about these two
arrests, the State offered no evidence to support the allegations about the
circumstances around the arrestsÂi.e., to support the StateÂs insinuations the
other parties mentioned in fact had the narcotic histories suggested.





[11]See Bone
v. State, 77 S.W.3d 828, 836 (Tex. Crim. App. 2002) (defense counsel should
be given opportunity to explain actions before condemning her representation).

Â 





[12]Sikes
said her car broke down earlier in the evening; a wrecker and Harvey arrived
separately, and she took a ride with Harvey to his house.Â  He left, and returned with Rhodes, then was
taking Sikes to retrieve possessions from her parentsÂ home when they were
stopped by deputies.Â  All this occurred
around 1:00 a.m.