Opinion filed June 1, 2006












 
 
  
 
 







 
 
  
 
 




Opinion filed June 1, 2006

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                   __________

 

                                                          No. 11-05-00195-CR 

                                                    __________

 

                                JASON TYE COVINGTON, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS, Appellee

 



 

                                         On
Appeal from the 220th District Court

 

                                                      Comanche
County, Texas

 

                                       Trial
Court Cause No. 04-10-02649-CCCR

 



 

                                                                   O
P I N I O N

 

Jason Tye Covington appeals from his conviction of
the offense of injury to a child, a third degree felony, after the trial court
granted the State=s motion
to set aside his deferred adjudication on the basis that Covington had violated
the conditions of his community supervision. The trial court assessed his
punishment at five years in the Texas Department of Criminal Justice and a
$2,000 fine.  We affirm.








In a single issue on appeal, Covington asserts
that the trial court abused its discretion by sentencing him to confinement in
the Texas Department of Criminal Justice, Institutional Division, rather than
sending him to a substance abuse felony treatment facility and allowing him to
remain on community supervision.  He
insists that he is not contending that the trial court abused its discretion by
setting aside his deferred adjudication. 
Consequently, we interpret Covington=s
issue as a contention that the trial court erred by assessing his punishment at
five years in the Texas Department of Criminal Justice, Institutional Division,
rather than placing him on community supervision after granting the State=s motion to set aside his deferred
adjudication.

The trial court=s
decision as to whether to grant community supervision is wholly discretionary
and nonreviewable.  Speth v. State,
6 S.W.3d 530, 533 (Tex. Crim. App. 1999). 
Even if it were, as a general rule, as long as a sentence is within the
proper range of punishment, it will not be disturbed on appeal.  Jackson v. State, 680 S.W.2d 809, 814
(Tex. Crim. App. 1984).  Five years is
within the range of punishment for the third degree offense of injury to a
child.  See Tex. Pen. Code Ann. ' 12.34(a) (Vernon 2003).

Covington relies on the fact that the only witness
in the hearing on the State=s
motion to set aside his deferred adjudication was Lisa Lambert, who testified
that the S.A.F.P.F. program is the residential treatment program that most
matched Covington=s needs
and that, if he used the tools he would learn there, he would have a chance of
succeeding on probation afterwards.  She
said that she believed Covington would benefit by going to that facility and
that the best interest of justice could be served by his attending that
facility.  Covington suggests that there
is no evidence in the record to support the trial court=s
decision in assessing punishment.








The Honorable James E. Morgan, the trial judge who
heard the State=s motion
to set aside Covington=s
deferred adjudication and who assessed Covington=s
punishment, is the same judge to whom Covington pleaded guilty on April 14,
2005.  At that time, the trial court
heard evidence to substantiate the allegations of the indictment charging Covington
with the third degree offense of injury to a child.  At the hearing on the State=s motion to set aside Covington=s deferred adjudication, Covington
acknowledged that the allegation that he had possessed and consumed alcohol
less than a month after he was placed on community supervision was true.  Lambert, his community supervision officer,
testified that Covington had other alcohol-related arrests prior to this
offense and that alcohol is the primary issue in his life that had precipitated
his violation of the law.  She indicated
that he also had problems with his ex-wife that would cause a likelihood of
re-offending.  She testified that he had
family violence in his past relating to his family problems.  Lambert had no recommendation to make to the
court.  When it assessed Covington=s punishment,  the trial court referred to its efforts to
get Covington to accept treatment at the time of his original plea. Considering
all of these facts, we hold that the record supports our conclusion that the
trial court did not abuse its discretion in assessing Covington=s punishment.  We overrule Covington=s
sole issue on appeal.

The judgment of the trial court is affirmed.

 

PER CURIAM

 

June 1, 2006

Do not publish.  See
Tex. R. App. P. 47.2(b).

Panel
consists of: McCall, J., and

Strange,
J., and Hill, J.[1]











[1]John G. Hill, Former Justice, Court of Appeals, 2nd
District of Texas at Fort Worth sitting by assignment.