NO. 07-06-0167-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



NOVEMBER 10, 2006


______________________________



JAMES MORENO, 



 Appellant


v.



THE STATE OF TEXAS, 



 Appellee

_________________________________



FROM THE COUNTY COURT AT LAW NO. 2 OF LUBBOCK COUNTY;



NO. 2005-493,404; HON. DRUE FARMER, PRESIDING


_______________________________



Memorandum Opinion


_______________________________



Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

 James Moreno (appellant) was convicted of the offense of assault-domestic
violence. Appellant argues in two issues that the conviction is in error because 1) the
evidence is legally and factually insufficient to sustain the conviction, and 2) the trial court
erred in failing to grant him probation. We affirm the judgment.

 Sufficiency of the Evidence 

 The standards by which we review legal and factual sufficiency challenges are set
forth in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) and
Watson v. State, No. PD-469-05, 2006 Tex. Crim. App. LEXIS 2040 (Tex. Crim. App.
October 18, 2006). We refer the parties to those cases. 

 To prove assault-domestic violence, the State must prove the accused intentionally, 
knowingly, or recklessly caused bodily injury to another, including his spouse. Tex. Pen.
Code Ann. §22.01(a)(1) (Vernon Supp. 2006). In this case, the State alleged that appellant
did so by throwing his wife Misty Moreno with his hand or by causing her to strike the floor. 

 This incident allegedly occurred on February 16, 2005, when Misty took her
daughter to the Extended Stay America hotel in Lubbock to see appellant. At that time, a
quarrel ensued between appellant and his wife over a woman he was seeing. Misty
testified that, during this quarrel, appellant knocked her down approximately eight to ten
times with his hands. She attempted to call the police from a telephone in a break room
for motel employees but he jerked the phone out of her hand. Misty stated that it hurt
when she was thrown down and she had bruises on her arms and legs from the incident. 
Photographs were also made by a police officer approximately a week later of bruises on
Misty's arms and legs. Officer Gonzales testified that he believed at least some of the
bruises were perhaps a week old. Additionally, Misty's daughter testified that her father
pushed her mother to the floor at the hotel. This evidence is enough to permit a rational
trier of fact to find that appellant knowingly, intentionally, or recklessly caused bodily injury
to Misty.

 Appellant argues that the evidence at trial was less than "definitive." It is true that
there is only the testimony of Misty and her daughter that appellant pushed her to the
ground and caused her bruises. Admittedly, there is also testimony from a housekeeper
at the hotel that while she did see Misty yelling and looking mad in the employee break
room and trying to call the police, the housekeeper never saw appellant with her. The
police officer was also unable to specifically state when Misty received her bruises. 
Nevertheless, it was for the jury to weigh the credibility of the witnesses and the weight to
be given their testimony. Cain v. State, 958 S.W.2d 404, 408-09 (Tex. Crim. App. 1997). 
 We cannot say that the finding of guilt by the jury is against the great weight and
preponderance of the evidence, and we overrule the issue.

 Denial of Probation

 Appellant also challenges the trial court's refusal to place him on probation by
contending he was denied probation on the basis of "economic hardship." Whether to
grant probation is wholly discretionary with the trial court and not reviewable. Speth v.
State, 6 S.W.3d 530, 533 (Tex. Crim. App. 1999). Yet, even if the trial court's decision was
reviewable, appellant cites us to no evidence in the record showing that the trial court
denied appellant probation because of his economic status, contrary to the requirements
of Texas Rule of Appellate Procedure 38.1(h). Thus, we overrule the issue.

 Accordingly, the judgment of the trial court is affirmed.


 Brian Quinn 

 Chief Justice 


Do not publish.

 



ial" STYLE="font-size: 11pt"> Justice