NO. 07-06-0167-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

NOVEMBER 10, 2006
_____

JAMES MORENO,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE COUNTY COURT AT LAW NO. 2 OF LUBBOCK COUNTY;

NO. 2005-493,404; HON. DRUE FARMER, PRESIDING
_____

*Memorandum Opinion*
_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

James Moreno (appellant) was convicted of the offense of assault-domestic violence.  Appellant argues in two issues that the conviction is in error because 1) the evidence is legally and factually insufficient to sustain the conviction, and 2) the trial court erred in failing to grant him probation.  We affirm the judgment.

*Sufficiency of the Evidence*

The standards by which we review legal and factual sufficiency challenges are set forth in *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) and

*Watson v. State,* No. PD-469-05, 2006 Tex. Crim. App. LEXIS 2040 (Tex. Crim. App. October 18, 2006). We refer the parties to those cases.

To prove assault-domestic violence, the State must prove the accused intentionally, knowingly, or recklessly caused bodily injury to another, including his spouse. TEX. PEN. CODE ANN. §22.01(a)(1) (Vernon Supp. 2006). In this case, the State alleged that appellant did so by throwing his wife Misty Moreno with his hand or by causing her to strike the floor.

This incident allegedly occurred on February 16, 2005, when Misty took her daughter to the Extended Stay America hotel in Lubbock to see appellant. At that time, a quarrel ensued between appellant and his wife over a woman he was seeing. Misty testified that, during this quarrel, appellant knocked her down approximately eight to ten times with his hands. She attempted to call the police from a telephone in a break room for motel employees but he jerked the phone out of her hand. Misty stated that it hurt when she was thrown down and she had bruises on her arms and legs from the incident. Photographs were also made by a police officer approximately a week later of bruises on Misty's arms and legs. Officer Gonzales testified that he believed at least some of the bruises were perhaps a week old. Additionally, Misty's daughter testified that her father pushed her mother to the floor at the hotel. This evidence is enough to permit a rational trier of fact to find that appellant knowingly, intentionally, or recklessly caused bodily injury to Misty.

Appellant argues that the evidence at trial was less than "definitive." It is true that there is only the testimony of Misty and her daughter that appellant pushed her to the ground and caused her bruises. Admittedly, there is also testimony from a housekeeper at the hotel that while she did see Misty yelling and looking mad in the employee break

room and trying to call the police, the housekeeper never saw appellant with her. The police officer was also unable to specifically state when Misty received her bruises. Nevertheless, it was for the jury to weigh the credibility of the witnesses and the weight to be given their testimony. *Cain v. State,* 958 S.W.2d 404, 408-09 (Tex. Crim. App. 1997). We cannot say that the finding of guilt by the jury is against the great weight and preponderance of the evidence, and we overrule the issue.

*Denial of Probation*

Appellant also challenges the trial court's refusal to place him on probation by contending he was denied probation on the basis of "economic hardship." Whether to grant probation is wholly discretionary with the trial court and not reviewable. *Speth v. State,* 6 S.W.3d 530, 533 (Tex. Crim. App. 1999). Yet, even if the trial court's decision was reviewable, appellant cites us to no evidence in the record showing that the trial court denied appellant probation because of his economic status, contrary to the requirements of Texas Rule of Appellate Procedure 38.1(h). Thus, we overrule the issue.

Accordingly, the judgment of the trial court is affirmed.


Brian Quinn
Chief Justice


Do not publish.

3