NO. 07-06-0441-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

DECEMBER 7, 2007
______________________________

HENRY ARRIZOLA RAMIREZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_________________________________

FROM THE 242ND DISTRICT COURT OF HALE COUNTY;

NO. B16665-0602; HONORABLE ED SELF, JUDGE
_______________________________


Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.
MEMORANDUM OPINION
          Appellant, Henry Arrizola Ramirez, was convicted of the offense of unauthorized
absence from a county correctional center and sentenced to a term of two years in a State
Jail Facility and a fine of $5,000. We affirm.
          Appellant’s attorney has filed an Anders brief and a motion to withdraw. Anders v.
California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed. 2d 498 (1967). In support of his motion
to withdraw, counsel certifies that he has diligently reviewed the record, and in his opinion,
the record reflects no reversible error upon which an appeal can be predicated. Id. at 744-45. In compliance with High v. State, 573 S.W.2d 807, 813 (Tex.Crim.App. 1978), counsel
has candidly discussed why, under the controlling authorities, there is no error in the trial
court’s judgment. Additionally, counsel has certified that he has provided appellant a copy
of the Anders brief and motion to withdraw and appropriately advised appellant of his right
to file a pro se response in this matter. Stafford v. State, 813 S.W.2d 503, 510
(Tex.Crim.App. 1991). The court has also advised appellant of his right to file a pro se
response. Appellant has not filed a response.
          By his Anders brief, counsel raises grounds that could possibly support an appeal,
but concludes the appeal is frivolous. We have reviewed these grounds and made an
independent review of the entire record to determine whether there are any arguable
grounds which might support an appeal. See Penson v. Ohio, 488 U.S. 75, 109 S.Ct. 346,
102 L.Ed.2d 300 (1988); Bledsoe v. State, 178 S.W.3d 824 (Tex.Crim.App. 2005). We
have found no such arguable grounds and agree with counsel that the appeal is frivolous.
          Accordingly, counsel’s motion to withdraw is hereby granted and the trial court’s
judgment is affirmed.
 
                                                                           Mackey K. Hancock

                                                                                     Justice







Do not publish. 






in the
defendant was ordered to serve 45 days in jail as a term and condition of probation. At the
time, the maximum term of confinement that could be ordered as a term of probation was
30 days. The appellate court simply modified the 45 days to 30 days without sending the
case back for a new trial on the issue of punishment. The Hollie case was decided prior
to the Court of Criminal Appeals holding that a term of probation is part of the judgment
and not part of the sentence. Speth v. State, 6 S.W.3d 530, 532 (Tex.Crim.App. 1999). 
Therefore, the analysis drawn by the appellee based upon the Hollie decision is not
applicable.
          Accordingly, we are left with a void sentence in the judgment of the trial court. We
must, therefore, reverse the judgment of the trial court. Further, since the basis of the
reversal is predicated on an error made during the punishment stage of the trial, the court
shall commence the new trial as if a finding of guilt had been made and proceed to
punishment. Tex. Code Crim. Proc. Ann. art. 44.29(b) (Vernon Supp. 2007).
Conclusion
          The judgment of the trial court is reversed and the cause is remanded for a new
punishment trial.
 
                                                                           Mackey K. Hancock

                                                                                     Justice







Publish.