Lawrence Edward **SPETH**, Appellant,

v.

The **STATE** of Texas.

No. 425–98.

Court of Criminal Appeals of Texas, En Banc.

Dec. 1, 1999.

George McCall Secrest, Jr., Houston, for appellant.

Carol M. Cameron, Asst. Dist. Atty., Houston, Matthew Paul, State's Atty., Austin, for State.

---

MEYERS, J., delivered the opinion of the Court, joined by MANSFIELD, PRICE, JOHNSON, and KEASLER, J.J.

Adjudication of appellant's guilt for the offense of aggravated assault of a peace officer was deferred and he was awarded five years probation. While on probation, appellant was indicted for indecency with a child. Appellant was acquitted by a jury on the indecency charges, the trial court in the aggravated assault case found the allegations concerning the indecency offense true and concluded appellant had thereby violated his probation. Appellant's guilt was adjudicated and the trial court granted ten years probation, subject to five conditions which related to the indecency charges.[1] Appellant did not object to the conditions at trial, but complained about them for the first time on direct appeal. The State argued appellant had procedurally defaulted his claim by failing to make a trial objection. The Court of Appeals rejected that contention on the ground that appellant could raise "a defect in his sentence even though he had not objected to it at trial." *Speth v. State*, 965 S.W.2d 13, 15 (Tex.App.—Houston [14th Dist.] 1998). We granted review to decide "whether a defendant can challenge conditions of probation for the first time on appeal."

■ The Court of Appeals' holding and appellant's arguments turn on a line of cases which hold that "if a punishment is not authorized by law, that portion of the sentence imposing that punishment is void." *Heath v. State*, 817 S.W.2d 335, 336 (Tex.Crim.App.1991)(opinion on original submission)(portion of sentence granting probation where defendant not eligible for probation under controlling statute held void and could be raised at any time);[2] *see*

---

1. As conditions of his probation in his aggravated assault of a peace officer case, appellant was required to: (1) register as a sex offender; (2) pay for counseling needed by the complainants in the indecency with a child case; (3) refrain from working as chiropractor during the probationary period; (4) participate in sex offender counseling and take a polygraph; (5) refrain from contact with any minor girls for the duration of probation.

2. The Court of Appeals relied on one of its own decisions, *Martinez v. State*, 874 S.W.2d 267, 268 (Tex.App.—Houston [14th Dist.]

*also Hern v. State,* 892 S.W.2d 894, 896 (Tex.Crim.App.1994)("conviction was void because the sentence exceeded the maximum allowed for a third degree felony, of which [the defendant] had been convicted"), *cert. denied,* 515 U.S. 1105, 115 S.Ct. 2252, 132 L.Ed.2d 259 (1995); *Ex parte Johnson,* 697 S.W.2d 605, 606–607 (Tex.Crim.App.1985)(imposition of fine in addition to prison term not "authorized by law" and therefore void); *Wilson v. State,* 677 S.W.2d 518, 524 (Tex.Crim.App. 1984)(where punishment was assessed at four years confinement, but statutory minimum was five years confinement, judgment of conviction was void). Nearly every case that has held a sentence not "authorized by law" or void (such that the alleged defect could be raised for the first time on appeal) involved the trial court's assessment of a punishment that was not applicable to the offense under the controlling statutes. That is, "the punishment assessed was not within the universe of punishments applicable to the offense." *Johnson,* 697 S.W.2d at 607. These cases are inapposite here because they involve the imposition of a *sentence* not authorized by statute, while community supervision is not a sentence or even a part of a sentence.

█ The Code of Criminal Procedure defines community supervision as involving a *suspension of the sentence.*[3] In other words, community supervision is an arrangement *in lieu of* the sentence, *not as part of* the sentence. TEX.CODE CRIM. PROC. art. 42.12 § 3(a)(providing that a judge, after conviction or plea "may suspend the imposition of the sentence and place the defendant on community supervision"); *see also* fn.3, supra.

█ The sentence and the conditions of community supervision are each separate parts of the "judgment."[4] The Code lists twenty-six items the judgment should reflect, including "the length of community supervision, and the conditions of community supervision" and "[t]he term of the sentence." *Id.* at § 1(10) & (15). That community supervision is not viewed as part of the sentence is further evidenced by the fact that these terms are listed as separate items in the "judgment." So, while community supervision is part of the judgment, it is not part of the "sentence," as those terms are defined in the Code of Criminal Procedure. *Cf. State v. Ross,* 953 S.W.2d 748 (Tex.Crim.App.1997).

█ Moreover, imposition of a sentence is profoundly different from the granting of community supervision. The above cases suggest that a defendant has an absolute and nonwaiveable right to be sentenced within the proper range of pun-

1994), which in turn relied on *Heath v. State,* 817 S.W.2d 335 (Tex.Crim.App.1991), for the proposition that the defendant was not "barred from raising a defect in his sentence for the first time on appeal."

3. Probation is referred to in the Code of Criminal Procedure as "community supervision." We use the terms probation and community supervision interchangeably in this opinion. Community supervision is defined in the Code as:

[T]he placement of a defendant by a court under a continuum of programs and sanctions, with conditions imposed by the court for a specified period of time during which: (A) criminal proceedings are deferred without an adjudication of guilt; or (B) a sentence of imprisonment or confinement, imprisonment and fine, or confine-

ment and fine, is probated and *the imposition of sentence is suspended* in whole or in part.

TEX.CODE CRIM. PROC. art. 42.12 § 2(2)(emphasis added).

4. "Sentence" is defined as "that part of the judgment, or order revoking a suspension of the imposition of a sentence, that orders that the punishment be carried into execution in the manner prescribed by law." TEX.CODE CRIM. PROC. art. 42.02. The Code defines "judgment" as

the written declaration of the court signed by the trial judge and entered of record showing the conviction or acquittal of the defendant. The sentence served shall be based on the information contained in the judgment.

*Id.* at art. 42.01.

ishment established by the Legislature.[5] The granting of community supervision is a *privilege*, not a right. *See Flores v. State*, 904 S.W.2d 129, 130 (Tex.Crim.App.1995)(plurality opinion)("there is no fundamental right to receive probation; it is within the discretion of the trial court to determine whether an individual defendant is entitled to probation"), *cert. denied*, 516 U.S. 1050, 116 S.Ct. 716, 133 L.Ed.2d 670 (1996); *Burns v. State*, 561 S.W.2d 516, 517 (Tex.Crim. App.1978)(court's discretion to deny or grant community supervision to eligible defendant if jury waived or jury not elected to determine punishment is absolute and unreviewable). The decision whether to grant probation is wholly discretionary and nonreviewable. *Flournoy v. State*, 589 S.W.2d 705, 707 (Tex.Crim.App.1979)(citing *Saldana v. State*, 493 S.W.2d 778 (Tex.Crim.App. 1973)). To even be eligible for jury recommended probation, a defendant bears the burden of pleading and proving that he has no prior felony convictions. Tex.Code Crim. Proc. art. 42.12 § 4(d) & (e). We have likened the granting of probation to an extension of clemency that is contractual in nature:

> When probation is granted, the trial court "extends clemency" and creates a relationship that is, "in a way, contractual that is, the court agrees with the convict that clemency by way of probation will be extended if he will keep and perform certain requirements and conditions, the violation of which will authorize the revocation of the probation." *Wilson v. State*, 156 Tex.Cr.R. 228, 240 S.W.2d 774, 775 (1951), *Gossett v. State*, 162 Tex.Cr.R. 52, 282 S.W.2d 59, 60 (1955), *Bradley v. State*, 564 S.W.2d 727, 729 (1978).

*Flournoy*, 589 S.W.2d at 707 (footnotes omitted).

 Consistent with its broad discretionary powers in deciding whether to grant community supervision, a trial court likewise has broad discretion in determining the conditions to be imposed. The trial court "shall" determine the conditions of community supervision,[6] but the description of allowable conditions is prefaced with the permissive term "may": "The judge may impose any reasonable condition that is designed to protect or restore the community, protect or restore the victim, or punish, rehabilitate, or reform the defendant."[7] Tex.Code Crim. Proc. art. 42.12 § 11(a); *see also Chacon v. State*, 558 S.W.2d 874, 875 (Tex.Crim.App.1977)(condition of probation

5. We generally view our adversarial system as including three kinds of "rights": (1) absolute systemic requirements and prohibitions that are nonwaiveable, (2) rights. of litigants that must be implemented unless expressly waived, and (3) rights that must be insisted upon at trial or nothing is presented for review. *Marin v. State*, 851 S.W.2d 275, 278–80 (Tex.Crim.App.1993), *overruled on other grounds, Cain v. State*, 947 S.W.2d 262, 265 (Tex.Crim.App.1997)(holding failure to admonish defendant concerning deportation consequences of plea subject to harmless error analysis).

While not expressed in these terms, the case law discussed above involving "void" sentences has viewed legislatively defined sentencing schemes that are explicit about the applicable range or category of punishment as absolute, systemic features of the system, such that their application cannot be waived. That is, a defendant's "right" to be sentenced to a term within the defined "universe of punishments applicable to the offense" is absolute and nonwaiveable. The question presented in this case is whether Section 11, governing the imposition of conditions of probation, creates a "universe of punishments" applicable to an offense which is absolute and nonwaiveable.

6. The definition of community supervision includes the imposition of conditions:

> "Community supervision" means the placement of a defendant by a court under a continuum of programs and sanctions, *with conditions imposed by the court* for a specified period ...

Tex.Code Crim. Proc. art. 42.12 § 2(2) (emphasis added).

7. Section 11 further provides a nonexclusive list of examples of conditions that a court "may" impose. Tex.Code Crim. Proc. art. 42.12 § 11(a).

must be "a reasonable one"). The broadly discretionary language characteristic of this provision is markedly different from the sentencing provisions in which the legislature has established the allowable range of punishment for a given offense. Under those schemes, every option available to the court is narrowly identified on the face of the statute. Because Section 11 is so broadly discretionary, it does not establish a narrowly identifiable "universe of punishments applicable to the offense" in the same manner as the statutory sentencing schemes at issue in the above cases.[8]

An award of community supervision is not a right, but a contractual privilege, and conditions thereof are terms of the contract entered into between the trial court and the defendant. Therefore, conditions not objected to are affirmatively accepted as terms of the contract. Thus, by entering into the contractual relationship without objection, a defendant affirmatively waives any rights encroached upon by the terms of the contract. A defendant who benefits from the contractual privilege of probation, the granting of which does not involve a systemic right or prohibition, must complain at trial to conditions he finds objectionable.[9] A trial objection allows the trial court the opportunity to either risk abusing his discretion by imposing the condition over objection[10] or part of the bargain by which he would benefit from the privilege of probation:

> Q. [Defense counsel] Are you willing to attend sex offender counseling?
> A. If that's what the Judge says.
> Q. Are you willing to do that?
> A. Yes.
> Q. Are you asking the Court to let you stay with the family [appellant's wife and children]?
> A. Yes.
>
> \* \* \* \* \* \*
>
> Q. [Prosecutor] What are you asking the Court to do?
> A. ... I just want to have some time with my family and be able to work things out. If she wants me to go to counseling, fine.
> Q. ... Do you think you need [sex offender] counseling?
> A. I didn't do it but I'm willing to go through counseling, yes.
> Q. You would do anything to stay out of the penitentiary?
> THE COURT: You have to answer the question.
> A. Yes.

In closing argument on punishment, defense counsel argued to the court:

> ... If you require that he be sent to sex offender therapy, he'll do it. In the past he's done whatever he's been required to do.... It's not a case where he should go to the penitentiary. We ask that you not send him to the penitentiary.....

---

8. There are two exceptions to Section 11's permissive tone—a provision prohibiting the imposition of certain payments, Tex.Code Crim. Proc. art. 42.12 § 11(b), and another provision prohibiting a requirement that a defendant undergo an orchiectomy, *id.* at 42.12 § 11(f). By treating these matters in prohibitory terms, the Legislature has provided that they are *per se* unreasonable. But a defendant can affirmatively waive unreasonable terms by entering into the probation contract containing such terms, without objection. *Cf. Proctor v. State*, 967 S.W.2d 840, 844 (Tex.Crim.App.1998)(holding statutes of limitations no longer viewed as systemic non-waiveable features in part because they operate as a defense and therefore the defendant "ought to have the burden of asserting that defense or losing it"); *Ex parte McJunkins*, 954 S.W.2d 39, 40 (Tex.Crim.App.1997)(because, per Code of Criminal Procedure article 21.24, State has option whether or not to join offenses in single criminal action, and defendant has option (in event State chooses joinder) whether or not to demand severance, then Penal Code section 3.03 mandating that sentences in such consolidated cases run concurrently, is "a right of a litigant rather than an absolute requirement or prohibition which cannot be waived or forfeited").

9. This assumes the probationer knew what the conditions were in time to object at trial. In the instant case, appellant was questioned about potential conditions, was orally informed by the trial court of the conditions assessed, and signed a written version of the conditions at the punishment hearing following adjudication of guilt. Some of the questioning at the hearing demonstrates appellant's willingness to accept the conditions as

10. We do not hold that a trial court does not abuse its discretion by imposing conditions that are unreasonable or violate constitutional rights or statutory provisions. But such defects must be timely objected to in order to be raised on appeal.

reconsider the desirability of the contract without the objectionable condition.

Appellant did not object at trial to the imposition of the conditions. *See* fn.13, *supra.* The Court of Appeals erred in holding appellant could complain about the community supervision conditions for the first time on appeal.[11] The judgment of the Court of Appeals is reversed.

WOMACK, J., filed a concurring opinion, joined by McCORMICK, P.J., KELLER, and HOLLAND, J.J.

WOMACK, J., filed a concurring opinion, in which McCORMICK, P.J., and KELLER and HOLLAND, JJ., joined.

In *State v. Ross,* 953 S.W.2d 748 (Tex. Cr.App.1997), the Court held that the meaning of "sentence" in Code of Criminal Procedure article 42.02 should be used in construing another statute which gives the State the right to appeal a "sentence [that] is illegal."[1] In a dissenting opinion, I gave my reasons for believing that "sentence" has different meanings in different contexts, and that it was a mistake to use the article 42.02 meaning out of its context. *See* 953 S.W.2d at 752.[2]

Today the Court uses the article 42.02 definition of "sentence" to decide, not what a statute means, but what our own judges meant when we held that a defect in a sentence could be raised for the first time on appeal. *See Heath v. State,* 817 S.W.2d 335, 336 (Tex.Cr.App.1991).[3] Does our holding today mean that some appellants who have in the past been able to complain for the first time on appeal about void sentences, may no longer be able to do so if the error was not in the part of the judgment that article 42.02 defines as the "sentence"? For example, in *Heath v. State, supra,* we allowed an appeal from a revocation of probation to raise for the first time the trial court's authority to have granted probation to begin with. A question about that authority is certainly not part of the article 42.02 "sentence," so I suppose it no longer may be raised for the first time on appeal.

With all respect, I maintain that this is no way to decide what sort of issues may be raised for the first time on appeal.

Whether an error is, or is not, in the part of the judgment defined as a "sentence" in article 42.02 has nothing to do with the question. The relevant concerns include the policy behind requiring that objections be made in the trial court at the earliest opportunity. First, it is not judicially economical for appellate courts to correct errors years after the event when the trial court could have corrected the problem immediately if the offended party raised the problem when it arose. Second, there are social costs when sentences that have been imposed after the revocation of probation go unexecuted during the pen-

---

**11.** In holding the probation conditions rendered the judgment void, the Court of Appeals also relied on *Gordon v. State,* 707 S.W.2d 626 (Tex.Crim.App.1986), which held the trial court could not impose restitution relating to criminal conduct for which the defendant had been acquitted. *Speth,* 965 S.W.2d at 15. *Gordon* is inapplicable, however, as there was no question of procedural default presented in that case.

**1.** Tex.Code Crim. Proc. art. 44.01(b).

**2.** In my *Ross* dissent I cited a number of statutes in which "sentence" cannot mean what it means in article 42.02. *See* 953 S.W.2d at 753. Today the Court, ironically, quotes another statute that demonstrates the same point: Tex.Code Crim. Proc. art. 42.01. See *ante* at 532 n. 4. When article 42.01 says, "The sentence served shall be based on the information contained in the judgment," "sentence" cannot have the meaning it has in article 42.02: "that part of the judgment ... that orders that the punishment be carried into execution in the manner prescribed by law." When a defendant is serving a sentence, he is not serving a part of a judgment; he is serving a punishment. In article 42.01, as in most contexts, "sentence" means "punishment," not "part of a judgment."

**3.** In this case the court below cited its earlier decision of *Martinez v. State,* 874 S.W.2d 267, 267 (Tex.App.—Houston [14th Dist.] 1994), which in turn followed *Heath, supra.*

dency of an appeal that is based on complaints about the conditions. Third, it is a natural expectation that a party with a *bona fide* complaint about a harmful error would raise the complaint as soon as the error was committed. Finally, injustice may result if a trial court makes decisions about sentencing with the reasonable understanding that a party has no objection to the decision, but the party is thereafter able to void some aspects of the punishment decision. (The colloquial term is "sandbagging the trial judge.")[4] Because of these policies, I agree that the court of appeals erred in holding that the appellant could raise these points for the first time on appeal. If the appellant thought these conditions were unauthorized, he should have objected in the trial court.

I also want to record my disagreement with the Court's continuing to describe probation as contractual, like a grant of clemency. *See ante* at 533 – 534. Executive clemency is contractual because it requires acceptance by the convicted person. Probation may be imposed on a defendant who does not wish it, *see Roberson v. State,* 852 S.W.2d 508, 512 (Tex.Cr.App. 1993), and it is therefore not contractual. A court (especially one that has imposed probation that was not requested) now has a number of alternatives to revocation for the recalcitrant probationer—as the statute says, community supervision involves "a continuum of programs and sanctions."[5] These include "shock probation,"[6] community-based programs,[7] community corrections facilities,[8] in-patient treatment for substance abuse,[9] house arrest by electronic monitoring,[10] confinement in jail,[11] confinement in a substance abuse treatment facility operated by the Department of Criminal Justice (which looks a lot like a prison),[12] and "any [other] reasonable condition that is designed to … punish, rehabilitate, or reform the defendant."[13] It is the very ability of the trial court to put a defendant through such a continuum that would make the defendant refuse to enter the contract, and inspire the court to impose probation.

I concur in the judgment of the Court.

---

**4.** "The generally acknowledged policies of requiring specific objections are two-fold. First, a specific objection is required to inform the trial judge of the basis of the objection and afford him the opportunity to rule on it. Second, a specific objection is required to afford opposing counsel an opportunity to remove the objection or supply other testimony." *Zillender v. State,* 557 S.W.2d 515, 517 (Tex.Cr.App.1977).

**5.** TEX.CODE CRIM. PROC. art. 42.12, § 2(2), quoted by the Court *ante* at 532 n. 3.

**6.** TEX.CODE CRIM. PROC. art. 42.12, §§ 6 & 7.

