# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-03-00683-CR

**Javiel Ramirez, Appellant**

**v.**

**The State of Texas, Appellee**

## FROM THE COUNTY COURT AT LAW NO. 6 OF TRAVIS COUNTY
## NO. 588534, HONORABLE WILLIAM E. BENDER, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Javiel Ramirez was placed on community supervision following his conviction for driving while intoxicated. *See* Tex. Pen. Code Ann. § 49.04 (West 2003). He now appeals from an order revoking supervision and imposing a sentence of 180 days' incarceration. In his only point of error, he contends that the condition of supervision he was found to have violated was unconstitutional. We disagree and affirm the court's order.

The court found that appellant violated the condition requiring him to "[s]ubmit a urine, blood, or breath specimen when required by the Community Supervision Officer or any Peace Officer." Appellant asserts that this condition violated the federal and state constitutional prohibitions against unreasonable searches and seizures. U.S. Const. amend. IV; Tex. Const. art. I, § 9. He relies on *Tamez v. State*, in which the court of criminal appeals held unconstitutional a

condition of probation requiring the probationer to "[s]ubmit his person, place of residence and vehicle to search and seizure at any time of the day or night, with or without a search warrant, whenever requested to do so by the Probation Officer or any law enforcement officer." 534 S.W.2d 686, 690-92 (Tex. Crim. App. 1976).

Appellant did not raise this contention at the hearing below and there is no indication that he objected to the condition at the time it was imposed. A defendant must complain at trial to conditions of community supervision he finds objectionable; conditions that are not objected to when imposed are deemed accepted. *Speth v. State*, 6 S.W.3d 530, 534 (Tex. Crim. App. 1999). A defendant cannot challenge a condition of community supervision for the first time on appeal. *Id.* at 535.

Appellant's constitutional argument is without merit even if it is properly before us. A probationer has a diminished expectation of privacy to the extent necessary for his reformation and rehabilitation. *Tamez*, 534 S.W.2d at 692. The condition at issue here, unlike the condition disapproved in *Tamez*, did not require appellant to waive his Fourth Amendment rights. The requirement that appellant submit a specimen for testing upon request was reasonably related to his reform and rehabilitation following a conviction for driving while intoxicated. *See McArthur v. State*, 1 S.W.3d 323, 332 (Tex. App.—Fort Worth 1999, no pet.) (defendant convicted of indecency with child; condition requiring him to permit searches for sexually explicit materials did not violate Fourth Amendment); *Macias v. State*, 649 S.W.2d 150, 153 (Tex. App.—El Paso 1983, no pet.) (defendant convicted of delivering heroin; condition requiring him to submit to weekly urinalysis did not violate Fourth Amendment).

The point of error is overruled and the order revoking community supervision is affirmed.

_____

Jan P. Patterson, Justice

Before Chief Justice Law, Justices Patterson and Puryear

Affirmed

Filed:   July 15, 2004

Do Not Publish