NUMBER 13-01-597-CR
COURT OF APPEALS
THIRTEENTH DISTRICT OF TEXAS
CORPUS CHRISTI – EDINBURG

 
REFUGIO ORTIZ,                                                                         Appellant,
v.
THE STATE OF TEXAS,                                                                Appellee.



On appeal from the 105th District Court
of Nueces County, Texas.




M E M O R A N D U M O P I N I O N

Before Chief Justice Valdez and Justices Hinojosa and Wittig



Memorandum Opinion by Chief Justice Valdez
                                              
         Pursuant to a plea-bargain agreement, appellant, Refugio Ortiz, pled guilty to
possession of less than one gram of cocaine.


 The trial court found him guilty and
sentenced him to two years confinement in a state jail facility, assessed a $200 fine,
and ordered him to pay $140 restitution. The trial court suspended the sentence and
imposed community supervision. One of the conditions of the community supervision
was confinement in a state jail facility for 365 days. 
         On appeal, appellant contends this condition of the community supervision
exceeded the 180 days permissible under the code of criminal procedure. See Tex.
Code Crim. Proc. Ann. art. 42.12, § 15(d) (Vernon 2004). The State contends
appellant waived our review of this issue by his failure to object to the condition in the
trial court. 
         An award of community supervision is a contractual privilege. Speth v. State,
6 S.W.3d 530, 534 (Tex. Crim. App. 1999). Conditions of community supervision are
terms of the contract entered into between the trial court and the defendant, and
conditions not objected to are affirmatively accepted as terms of the contract. Id. 
Failure to object at trial to the imposition of conditions waives appellate review of the
issue. Id. at 534-35. To preserve error, the objection must have been made with
“sufficient specificity to make the trial court aware of the complaint, unless the
specific grounds were apparent from the context.” Tex. R. App. P. 33.1(a)(1).
         Here, when the trial court announced that one of the conditions of community
supervision was confinement in a state jail facility for one year, appellant pled with the
court not to send him to jail and asked for community service instead. His subsequent
motion for permission to appeal stated appellant had “expressed displeasure with . . . a
term of community supervision imposed by the trial court.” However, appellant never
objected or complained that the condition was unauthorized under the code of criminal
procedure. His complaints pertaining to the condition did not contain a legal basis for
his position. Nor did he file a motion for a new trial complaining of this issue in the
trial court. We conclude appellant waived our review of this issue. Accordingly, we
overrule appellant’s sole issue.
         We affirm the judgment of the trial court.      
  

 
                                                                                                                   
                                                                        Rogelio Valdez,
                                                                        Chief Justice

Do not publish. 
TEX. R. APP. P. 47.2(b).
Memorandum Opinion delivered and filed
this 10th day of November, 2004.