

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 2-08-097-CR

DAVID ALLEN SMITH                                                          APPELLANT

V.

THE STATE OF TEXAS                                                              STATE

------------

FROM THE 89TH DISTRICT COURT OF WICHITA COUNTY

------------

## MEMORANDUM OPINION[1]

------------

In a single issue, appellant David Allen Smith contends that the trial court abused its discretion by unlawfully delegating its authority when adjudicating appellant guilty of aggravated assault and indecency with a child.  We affirm.

---

[1] *See* Tex. R. App. P. 47.4.

## Background

Appellant pled guilty pursuant to a plea bargain to one count of aggravated sexual assault of a child and two counts of indecency with a child. In accordance with the State's recommendation, the trial court placed appellant on ten years' deferred adjudication for each offense and imposed a fine of $750 for the aggravated sexual assault.

One of the conditions of appellant's deferred adjudication community supervision was to "remain in the Sexual Abuse Treatment Program until the program has been successfully completed, as determined by the treatment specialist(s), or until [appellant's] term of supervision has expired." Appellant was subsequently involuntarily discharged from the treatment program. The State therefore filed a Motion to Proceed with Adjudication of Guilt, contending that appellant violated his community supervision by failing to successfully complete the program. The trial court subsequently adjudicated appellant guilty of all three charges and sentenced him to ninety-five years' confinement on the aggravated sexual assault count and eighteen years' confinement on each indecency count, with each sentence to be served consecutively.

## Analysis

Appellant's sole issue is that the trial court unconstitutionally delegated its authority by making one of appellant's probation conditions—whether

2

appellant successfully completed the sex offender treatment program—solely determinable by a third party, appellant's sex offender treatment counselor.  In other words, appellant contends that the counselor's decision to involuntarily terminate appellant predetermined a finding of "true" by the trial court.

Appellant failed to raise this argument in the trial court, either when community supervision was originally imposed or during the adjudication proceedings.[2]  To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion.  Tex. R. App. P. 33.1(a)(1); *Mosley v. State*, 983 S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. on reh'g), *cert. denied,* 526 U.S. 1070 (1999).  Further, the trial court must have ruled on the request, objection, or motion, either expressly or implicitly, or the complaining party must have objected to the trial court's refusal to rule.  Tex. R. App. P. 33.1(a)(2); *Mendez v. State*, 138 S.W.3d 334, 341 (Tex. Crim. App. 2004).

---

[2] Appellant did move to quash the allegations in the petition to adjudicate on the ground that they were vague, especially as to dates, and on the ground that appellant could not be adjudicated guilty for being involuntarily discharged from the program; however, these complaints do not comport with appellant's specific complaint on appeal. *See Heidelberg v. State*, 144 S.W.3d 535, 537 (Tex. Crim. App. 2004); *Bell v. State*, 938 S.W.2d 35, 54 (Tex. Crim. App. 1996), *cert. denied*, 522 U.S. 827 (1997).

A complaint regarding a condition of community supervision must be raised at the time the condition is imposed or it is forfeited. *Speth v. State,* 6 S.W.3d 530, 534–35 (Tex. Crim. App. 1999), *cert. denied*, 529 U.S. 1088 (2000).

Appellant contends that the trial court's error is systemic and, thus, may be raised for the first time on appeal. But in *Speth*, the court of criminal appeals held that because community supervision is a contractual privilege, not a systemic right,

> by entering into the contractual relationship without objection, a defendant affirmatively waives any rights encroached upon by the terms of the contract. A defendant who benefits from the contractual privilege of probation, the granting of which does not involve a systemic right or prohibition, must complain at trial to conditions he finds objectionable.

*Id*. at 534. Accordingly, we conclude and hold that appellant failed to preserve his sole issue for review because there is nothing in the record showing that he objected to the condition when it was imposed. *See id*. at 534–35; *Heiringhoff v. State*, 130 S.W.3d 117, 133–34 (Tex. App.—El Paso 2003, pet. ref'd).

**Conclusion**

Having overruled appellant's sole issue, we affirm the trial court's judgment.

PER CURIAM

PANEL:  LIVINGSTON, J.; CAYCE, C.J.; and MCCOY, J.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  January 8, 2009