COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                 FORT
WORTH

 

 

                                        NO.
2-08-097-CR

 

 

DAVID ALLEN SMITH                                                           APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

 

                                              ------------

 

             FROM THE 89TH
DISTRICT COURT OF WICHITA COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

In a single issue, appellant David Allen Smith
contends that the trial court abused its discretion by unlawfully delegating
its authority when adjudicating appellant guilty of aggravated assault and
indecency with a child.  We affirm.

 

 








Background

Appellant pled guilty pursuant to a plea bargain
to one count of aggravated sexual assault of a child and two counts of
indecency with a child.  In accordance
with the State=s recommendation, the trial
court placed appellant on ten years=
deferred adjudication for each offense and imposed a fine of $750 for the
aggravated sexual assault.

One of the conditions of appellant=s
deferred adjudication community supervision was to Aremain
in the Sexual Abuse Treatment Program until the program has been successfully
completed, as determined by the treatment specialist(s), or until [appellant=s] term
of supervision has expired.@  Appellant was subsequently involuntarily
discharged from the treatment program. 
The State therefore filed a Motion to Proceed with Adjudication of
Guilt, contending that appellant violated his community supervision by failing
to successfully complete the program. 
The trial court subsequently adjudicated appellant guilty of all three
charges and sentenced him to ninety-five years=
confinement on the aggravated sexual assault count and eighteen years=
confinement on each indecency count, with each sentence to be served
consecutively.

Analysis








Appellant=s sole
issue is that the trial court unconstitutionally delegated its authority by
making one of appellant=s probation conditionsCwhether
appellant successfully completed the sex offender treatment programCsolely
determinable by a third party, appellant=s sex
offender treatment counselor.  In other
words, appellant contends that the counselor=s
decision to involuntarily terminate appellant predetermined a finding of Atrue@ by the
trial court.








Appellant failed to raise this argument in the
trial court, either when community supervision was originally imposed or during
the adjudication proceedings.[2]  To preserve a complaint for our review, a party
must have presented to the trial court a timely request, objection, or motion
that states the specific grounds for the desired ruling if they are not
apparent from the context of the request, objection, or motion.  Tex. R. App. P. 33.1(a)(1); Mosley v. State,
983 S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. on reh=g), cert.
denied, 526 U.S. 1070 (1999). 
Further, the trial court must have ruled on the request, objection, or
motion, either expressly or implicitly, or the complaining party must have
objected to the trial court=s
refusal to rule.  Tex. R. App. P. 33.1(a)(2); Mendez v. State,
138 S.W.3d 334, 341 (Tex. Crim. App. 2004). 
A complaint regarding a condition of community supervision must be
raised at the time the condition is imposed or it is forfeited.  Speth v. State, 6 S.W.3d 530, 534B35 (Tex.
Crim. App. 1999), cert. denied, 529 U.S. 1088 (2000).

Appellant contends that the trial court=s error
is systemic and, thus, may be raised for the first time on appeal.  But in Speth, the court of criminal
appeals held that because community supervision is a contractual privilege, not
a systemic right,

by entering into the contractual relationship
without objection, a defendant affirmatively waives any rights encroached upon
by the terms of the contract.  A
defendant who benefits from the contractual privilege of probation, the
granting of which does not involve a systemic right or prohibition, must
complain at trial to conditions he finds objectionable.

Id. at 534. 
Accordingly, we conclude and hold that appellant failed to preserve his
sole issue for review because there is nothing in the record showing that he
objected to the condition when it was imposed. 
See id. at 534B35; Heiringhoff
v. State, 130 S.W.3d 117, 133B34 (Tex.
App.CEl Paso
2003, pet. ref=d).








Conclusion

Having overruled appellant=s sole
issue, we affirm the trial court=s
judgment.

 

PER
CURIAM

 

PANEL:  LIVINGSTON, J.; CAYCE,
C.J.; and MCCOY, J.

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

DELIVERED:  January 8, 2009











[1]See Tex. R. App. P. 47.4.





[2]Appellant did move to
quash the allegations in the petition to adjudicate on the ground that they
were vague, especially as to dates, and on the ground that appellant could not
be adjudicated guilty for being involuntarily discharged from the program;
however, these complaints do not comport with appellant=s specific complaint on
appeal.  See Heidelberg v.
State, 144 S.W.3d 535, 537 (Tex. Crim. App. 2004); Bell v. State,
938 S.W.2d 35, 54 (Tex. Crim. App. 1996), cert. denied, 522 U.S. 827
(1997).