Opinion issued January 31, 2013



In The

# Court of Appeals

For The

# First District of Texas

———————————————

## NO. 01-12-00416-CR

———————————————

**DOUGLAS ARTHUR LONGRON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 23rd District Court**
**Brazoria County, Texas**
**Trial Court Case No. 56645**

---

### MEMORANDUM OPINION

Appellant, Douglas Arthur Longron, appeals the trial court's adjudication of guilt following an imposition of deferred adjudication. In two issues, appellant argues the trial court abused its discretion by adjudicating his guilt because (1) the

order for community supervision was too vague to be enforceable and (2) the court failed to take into account whether appellant made a bona fide effort to pay restitution.

We affirm.

## Background

Appellant was charged by indictment with indecency with a child in 2008. Appellant and the State entered into a plea bargain on a reduced offense of injury to a child. The trial court accepted appellant's plea and placed him on five year's deferred adjudication. The trial court amended the order for deferred adjudication pursuant to a motion in 2009.

In 2011, the State filed a motion to adjudicate guilt. The motion was amended on March 5, 2012. A hearing was held on April 12, 2012. At the end of the evidentiary hearing, the trial court found that appellant had violated two requirements of the order for deferred adjudication. The relevant requirements were

> R4. RESTITUTION of $4,388.56 at $73.14 per month until paid in full, payments to be make [sic] on the 22nd day of each month, beginning October 2008, payable through the Brazoria County Community Supervision and Corrections Department of this County, to be paid to the victims in the respective sums as is listed in the Restitution Schedule attached hereto.
>
> . . .

2

> MM. Defendant shall report monthly to Supervision Officer in Brazoria County.

As a result, the trial court found him guilty of the charged offense and sentenced him to six year's confinement.

### Vagueness of the Monthly Reporting Requirement

In his first issue, appellant argues that the requirement for him to report monthly to the supervision officer in Brazoria County was too vague to be enforceable. The State argues this argument has not been preserved for appeal. We agree.

Community supervision is an arrangement in lieu of the sentence. *Speth v. State*, 6 S.W.3d 530, 532 (Tex. Crim. App. 1999). A trial court's decision to grant community supervision is "wholly discretionary" and the trial court also has broad discretion to determine the conditions of community supervision. *Id.* at 533. "An award of community supervision is not a right, but a contractual privilege, and conditions thereof are terms of the contract entered into between the trial court and the defendant." *Id.* at 534. If the defendant does not object to the community supervision conditions, those conditions are "affirmatively accepted as terms of the contract" and the defendant waives "any rights encroached upon by the terms of the contract." *Id.* Thus, "[a] defendant who benefits from the contractual privilege of probation . . . must complain at trial to conditions he finds objectionable." *Id.*; *Ledet v. State*, 177 S.W.3d 213, 221 (Tex. App.—Houston [1st Dist.] 2005,

3

pet. ref'd) (holding appellant who failed to object to conditions of community supervision at trial or file motion for new trial could not object to conditions for first time on direct appeal). This is consistent with the requirement of Texas Rule of Appellate Procedure 33.1(a), which requires a defendant to make a timely and specific objection to preserve his complaint on appeal. *See* TEX. R. APP. P. 33.1(a).

There is no showing in the record, and appellant does not claim on appeal, that he objected to the complained-of condition in the trial court. In addition, as part of his plea agreement, appellant acknowledged in writing that he understood that the court determines the terms and conditions of the supervision. He also acknowledged with his signature the written conditions themselves. Because he did not object to the community supervision provisions in the trial court or in a motion for new trial, appellant has failed to preserve this issue for review. *See* TEX. R. APP. P. 33.1(a); *Speth*, 6 S.W.3d at 534–35; *Ledet*, 177 S.W.3d at 221 (holding by failing to object to community supervision conditions at trial or file motion for new trial, appellant waived right to complain about conditions on direct appeal).

We overrule appellant's first issue. "Proof of any one of the alleged violations is sufficient to support the order revoking probation." *Moses v. State*, 590 S.W.2d 469, 470 (Tex. Crim. App. 1979). Accordingly, we do not need to reach appellant's remaining issue.

## Conclusion

We affirm the judgment of the trial court.


Laura Carter Higley
Justice

Panel consists of Chief Justice Radack and Justices Higley and Brown.

Do not publish.   TEX. R. APP. P. 47.2(b).

5