**REVERSE and REMAND; and Opinion Filed June 16, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-12-01649-CR

**RODNEY DEON SAMPSON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 4**
**Dallas County, Texas**
**Trial Court Cause No. F11-53201-K**

## MEMORANDUM OPINION
Before Justices Fillmore, Evans, and Lewis
Opinion by Justice Fillmore

A jury convicted Rodney Deon Sampson of possession of 3,4-methylenedioxy methamphetamine in an amount less than one gram. During the punishment phase, Sampson pleaded true to one enhancement paragraph alleging a prior conviction for an aggravated assault with a deadly weapon. The trial court found the enhancement paragraph true and assessed punishment at fifteen years' imprisonment. In a single issue[1], Sampson contends the trial court erred in sentencing him to fifteen years' imprisonment. The State concedes the trial court erred

---

[1] In his brief, Sampson states the evidence is "legally sufficient to support the appellant's conviction for possession of a controlled substance in cause no. F1153201." Thus, Sampson does not challenge the sufficiency of the evidence in this case.

in assessing a fifteen-year sentence. We reverse the trial court's judgment as to punishment and remand the cause to the trial court for a new punishment hearing.

In his sole issue, Sampson contends his fifteen-year sentence is void because it is outside the punishment range for the offense as enhanced. The indictment alleged he committed the offense of possession of 3,4-methylenedioxy methamphetamine in an amount of less than one gram, a state jail felony. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.116(a), (b) (West 2010). The punishment range for a state jail felony is confinement in a state jail for 180 days to two years and an optional fine of up to $10,000. *See* TEX. PENAL CODE ANN. § 12.35(a) (West Supp. 2013). The indictment also alleged Sampson had a prior felony conviction for aggravated assault with a deadly weapon, which elevated the punishment range to that for a third-degree felony offense. *See id*. § 12.35(c)(2)(B). The punishment range for a third-degree felony is imprisonment for two to ten years and an optional fine of up to $10,000. *See id*. § 12.34 (West 2011).

In this case, the trial court assessed punishment at fifteen years' imprisonment, which is outside the punishment range for a third-degree felony. *See id.* The Texas Court of Criminal Appeals has consistently held that a sentence outside the proscribed punishment range is void and illegal. *See Mizell v. State*, 119 S.W.3d 804, 806 (Tex. Crim. App. 2003). A defendant has an "absolute and nonwaiveable right to be sentenced within the proper range of punishment." *Speth v. State*, 6 S.W.3d 530, 532–33 (Tex. Crim. App. 1999). We therefore resolve Sampson's sole issue in his favor.

We reverse the trial court's judgment as to punishment and remand the cause for a new punishment hearing.

/Robert M. Fillmore/

ROBERT M. FILLMORE
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

121649F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

RODNEY DEON SAMPSON, Appellant

No. 05-12-01649-CR        V.

THE STATE OF TEXAS, Appellee

Appeal from the Criminal District Court
No. 4 of Dallas County, Texas (Tr.Ct.No.
F11-53201-K).
Opinion delivered by Justice Fillmore,
Justices Evans and Lewis participating.

Based on the Court's opinion of this date, the judgment of the trial court is **REVERSED** as to punishment and the cause **REMANDED** for a new punishment hearing pursuant to TEX. CODE CRIM. PROC. ANN. art. 44.29(b).

Judgment entered June 16, 2014.

/Robert M. Fillmore/
ROBERT M. FILLMORE
JUSTICE