

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-1057-13

**MICHAEL ANTHONY GRADO, Appellant**

**v.**

**THE STATE OF TEXAS**

**ON STATE'S PETITION FOR DISCRETIONARY REVIEW
FROM THE SEVENTH COURT OF APPEALS
OLDHAM COUNTY**

**KELLER, P.J., filed a dissenting opinion.**

I would hold that appellant forfeited his complaint about punishment by failing to object at trial. I therefore respectfully dissent.

"All but the most fundamental rights are thought to be forfeited if not insisted upon by the party to whom they belong."[1] It is true that we have said that a defendant's "right" to be sentenced to a term within the defined "universe of punishments applicable to the offense" is absolute and

---

[1] *Marin v. State*, 851 S.W.2d 275, 279 (Tex. Crim. App. 1993).

nonwaiveable.[2]  But that is the rule for a sentence that falls outside the applicable statutory range. Appellant's punishment was within the "universe of punishments" applicable to his offense; it was neither "illegal" nor "void."

In *Hull v. State*,[3] we addressed whether a defendant could complain for the first time on appeal that a judge failed to consider the full range of punishment.  We cited to Texas Rule of Appellate Procedure 33.1 for the familiar precept that "as a prerequisite to presenting a complaint for appellate review," a timely request, objection or motion must be made and ruled upon by the trial court.[4]  This rule, we said, ensures that trial courts are provided an opportunity to correct their own mistakes at the most convenient and appropriate time—when the mistakes are alleged to have been made.[5]  In *Hull*, the defendant's complaint was that the trial judge had a "zero tolerance" policy and, upon revoking Hull's probation, he had sentenced Hull to the maximum possible punishment.[6]  We held that by failing to object, Hull had failed to preserve his claim.[7]

In *Ex parte Brown*, the issue was the same as in *Hull*, but it was raised in a post-conviction writ application instead of on direct appeal.[8]  In that case, this Court held that Brown, who, like Hull, had not objected at trial, could raise the issue for the first time on habeas.  In explaining why Brown

---

[2]  *Speth v. State*, 6 S.W.3d 530, 536, n.5 (Tex. Crim. App. 1999).

[3]  *Hull v. State*, 67 S.W.3d 215 (Tex. Crim. App. 2002).

[4]  *Id*. at 217.

[5]  *Id*.

[6]  *Id*. at 216.

[7]  *Id*. at 218.

[8]  *Ex parte Brown*, 158 S.W.3d 449 (Tex. Crim. App. 2005).

had not forfeited his claim, the Court referred to the fact that the trial record was "insufficient to allow an appellate court to resolve the issue."[9] The Court said that Brown could raise his claim for the first time on habeas because he needed to go outside the record to provide evidence to prove his claim.[10] One of the three dissenting opinions noted "the odd loophole in the law" that the opinion created by requiring an objection to raise the claim on direct appeal but not on habeas.[11] Nevertheless, the distinction was drawn: an unobjected-to claim that a trial judge failed to consider the full range of punishment may not be raised on direct appeal but it may (at least sometimes) be raised post-conviction by application for a writ of habeas corpus.

In this case, the Court says, "The unfettered right to be sentenced by a sentencing judge who properly considers the entire range of punishment is a substantive right necessary to effectuate the proper functioning of our criminal justice system." I think this statement is inconsistent with our holding in *Hull*. The judge failed to consider the entire range of punishment in *Hull*, and we said that Hull forfeited his complaint by failing to object.

Citing to *Speth*, the Court says that *Hull* is of limited value because it involved preservation of error requirements as they relate to conditions of probation. But there was no mention of *Speth* in *Hull*. The "zero tolerance" policy in *Hull* was not a condition of probation. We called the policy "the standard by which the written conditions would be administered by the court and violations viewed," but to the extent that that standard might be viewed as part of the "contractual

---

[9] *Id*. at 453.

[10] *Id*.

[11] *Id.* at 460 (Keasler, J., dissenting).

relationship," we also said, "There was plenty to object to at the sentencing hearing."[12]  Although we discussed the fact that there was no objection at any time, we pointed out that "Appellant's testimony at the *revocation* hearing indicated an understanding and acceptance of the trial court's stated 'zero tolerance' policy."[13]  Regardless of whether Hull was contractually bound at the time probation was imposed, he was under no such impediment at the time of revocation, and his failure to object resulted in forfeiture of the claim.

The Court also says it will not extend *Hull* to the present case because at the time that *Hull* was decided, it was unclear to what extent a *Marin* analysis was necessary.  The Court believes that our more recent opinion in *Gutierrez v. State*,[14] in which we held that *Speth*'s broad forfeiture rule does not apply when the contested probation condition violates a category-one *Marin* right, limits the value of *Hull*.  But we are not dealing with a category-one *Marin* right in this case.  The Court holds that the right in question—"the right to be sentenced after consideration of the entire applicable punishment range"— is a category-two *Marin* right.  A category-one *Marin* right is one that the parties cannot agree to waive.  By definition, then, *Speth*'s forfeiture rule would not apply to a category-one right.[15]  I do not see how *Gutierrez* has any bearing on appellant's failure to object in this case.       It is worth remembering what rights *Marin* itself denominated as category-two rights.  They were assistance of counsel and the right to a jury trial, both of which are guaranteed by the

---

[12]  *Hull*, 67 S.W.3d at 217.

[13]  *Id*. at 218 (emphasis added).

[14]  380 S.W.3d 167, 175 (Tex. Crim. App. 2012).

[15]  Even a category-one right is subject to estoppel, however.  *See Saldano v. State*, 70 S.W.3d 873, 888 (Tex. Crim. App. 2002).

Sixth Amendment.[16] In my view, the right to consideration of the full range of punishment is not of the same nature or status as these two rights. I simply do not see the justification for affording category-two status to the error in this case.

Finally, defense counsel made a mistake. If appellant is entitled to relief, he has a remedy by way of an ineffective assistance of counsel claim. For these reasons, I respectfully dissent.

Filed: October 15, 2014
Publish

---

[16] "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed . . . and to have the assistance of counsel for his defence."