# NO. 12-15-00152-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *BARBARA BROOKSHIRE SAMFORD,* **APPELLANT** | § | *APPEAL FROM THE* |
| *V.* | § | *COUNTY COURT AT LAW #2* |
| *THE STATE OF TEXAS,* **APPELLEE** | § | *ANGELINA COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Barbara Brookshire Samford appeals the trial court's order adjudicating her guilty of harassment. In two issues, Appellant argues that the trial court abused its discretion in determining that she violated the conditions of her community supervision. We affirm.

## BACKGROUND

Appellant was charged by information with harassment of Laura Squiers, the deputy executive director of the T.L.L. Temple Foundation, a charitable foundation in Lufkin, Texas. She pleaded "guilty" to the charged offense. The trial court deferred a finding of guilt and placed Appellant on community supervision for a term of one year. As a condition of Appellant's community supervision, the trial court ordered that she have "no contact with Laura Squiers, Buddy Zeagler, and any board members of T.L.L. Temple Foundation."

The State subsequently filed a motion to proceed with an adjudication of guilt, alleging that Appellant had violated the conditions of her community supervision by contacting Charlotte Temple, a T.L.L. Temple Foundation board member, on two separate dates. Shortly thereafter, the State filed an amended motion to proceed with an adjudication of guilt, alleging that Appellant had further violated her conditions of community supervision by contacting Jack Sweeny, a T.L.L.

Temple Foundation board member, and by attempting to contact Tom Darmstadter, also a foundation board member.

At the hearing on the motion, the State abandoned its first two allegations and proceeded on the two regarding Sweeny and Darmstadter. Appellant pleaded "not true" to both allegations. Ultimately, the trial court found the allegations true, adjudicated Appellant "guilty," and assessed her punishment at confinement for six months, suspended for a term of two years, and a fine of $250. This appeal followed.

## EVIDENTIARY SUFFICIENCY

In Appellant's first issue, she argues that the evidence is insufficient to support the trial court's findings that Appellant violated the terms of her community supervision because she did not know Sweeny and Darmstadter were board members. In part of Appellant's second issue, she argues that the trial court erred by finding she violated the no contact condition regarding Darmstadter because there is no evidence that she contacted him.

### Standard of Review and Applicable Law

The determination to proceed with an adjudication of guilt after a defendant is placed on deferred adjudication community supervision is reviewable in the same manner as a revocation hearing. TEX. CODE CRIM. PROC. ANN. art. 42.12 § 5(b) (West Supp. 2014). In revocation cases, the state has the burden to establish by a preponderance of the evidence that the terms and conditions of community supervision have been violated. *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984). The preponderance of the evidence standard is met when the greater weight of the credible evidence before the trial court supports a reasonable belief that a condition of community supervision has been violated. *Rickels v. State*, 202 S.W.3d 759, 764 (Tex. Crim. App. 2006). In a hearing on a motion to revoke community supervision, the trial court is the sole trier of fact, and is also the judge of the credibility of the witnesses and the weight to be given their testimony. *Taylor v. State*, 604 S.W.2d 175, 179 (Tex. Crim. App. 1980).

When the state has met its burden of proof and no procedural obstacle is raised, the decision whether to revoke community supervision is within the discretion of the trial court. *Flournoy v. State*, 589 S.W.2d 705, 708 (Tex. Crim. App. 1979). Thus, our review of the trial court's order revoking community supervision is limited to determining whether the trial court abused its discretion. *Caddell v. State*, 605 S.W.2d 275, 277 (Tex. Crim. App. 1980). If there is

some evidence to support the finding of even a single violation, the revocation order must be upheld. *See* **Hart v. State**, 264 S.W.3d 364, 367 (Tex. App.—Eastland 2008, pet. ref'd); **Cochran v. State**, 78 S.W.3d 20, 28 (Tex. App.—Tyler 2002, no pet.) (citing **Moore v. State**, 605 S.W.2d 924, 926 (Tex. Crim. App. 1980)).

**Knowledge of Board Member Status**

The evidence at the revocation hearing shows that Sweeny and Darmstadter were T.L.L. Temple Foundation board members at the time of the alleged violations. While on community supervision, Appellant went to Darmstadter's office in Lufkin and asked to see him. Darmstadter's employee informed Appellant that he was not in the office. That same day, Appellant went to Sweeny's residence and rang the doorbell. Sweeny answered, and Appellant attempted to engage him in a conversation about her perceived notions of wrongdoing within the foundation. Sweeny advised Appellant that there was a process for handling such complaints, and she left.

Appellant argues that the State had a burden to show she knew Sweeny and Darmstadter were foundation board members. We disagree. No element of knowledge is included in Appellant's community supervision terms. By the terms of Appellant's community supervision and the allegations in the State's motion to proceed, the State's burden was to show that Appellant contacted Sweeny and Darmstadter, and that they were board members.

Appellant contends that to prohibit her from contacting the foundation board members, the State should have specified the board members' names when she was placed on community supervision. Due process requires that a defendant be provided adequate notice and specificity regarding the conditions of her community supervision. **Eddie v. State**, 100 S.W.3d 437, 440 (Tex. App.—Texarkana 2003, pet. ref'd). Thus, Appellant had arguable grounds to object when the conditions of her community supervision were imposed. However, she did not object.

To preserve a complaint for appellate review, the complaining party must have presented a specific and timely request, motion, or objection to the trial court, and the trial court must have either ruled or refused to rule. TEX. R. APP. P. 33.1(a). An objection to a condition of community supervision must be made at the time the condition is imposed. **Speth v. State**, 6 S.W.3d 530, 534 (Tex. Crim. App. 1999). An award of community supervision is not a right but a contractual privilege, and the conditions are the terms of the contract. **Id.** When a defendant enters such a contract without objection, she affirmatively waives any rights encroached upon by its terms. **Id.**

Even constitutional error may be waived by a failure to object. ***Wright v. State***, 28 S.W.3d 526, 536 (Tex. Crim. App. 2000).

Appellant has not shown that she complained at the time she was placed on community supervision about the board members' names not being specified. Thus, she failed to preserve this complaint for appellate review. *See* TEX. R. APP. P. 33.1(a); ***Speth***, 6 S.W.3d at 534. Accordingly, we overrule Appellant's first issue.

## Evidence of Contact

Appellant concedes that she attempted to contact Darmstadter. But she argues that the attempted contact does not constitute a violation of the no contact condition of her community supervision. However, she also concedes that she contacted Sweeny. By contacting Sweeny, she violated a condition of her community supervision. Because Appellant engaged in conduct that constitutes one violation of her community supervision, we need not address whether she committed other violations. *See **Hart***, 264 S.W.3d at 367; ***Cochran***, 78 S.W.3d at 28. Accordingly, we overrule Appellant's second issue as it relates to this argument.

## RIGHTS TO ASSEMBLY AND FREE SPEECH

As part of Appellant's second issue, she argues that the trial court erred by finding she violated the no contact condition regarding Sweeny because her contact with him is protected by Article I, Sections 8 and 27 of the Texas Constitution. Appellant has not shown that she complained to the trial court at the time she was placed on community supervision about the condition's effect on her constitutional rights. Thus, she failed to preserve this complaint for appellate review. *See* TEX. R. APP. P. 33.1(a); ***Speth***, 6 S.W.3d at 534. Accordingly, we overrule Appellant's second issue as it relates to this argument.

## DISPOSITION

Having overruled Appellant's first and second issues, we ***affirm*** the trial court's judgment.

**GREG NEELEY**
Justice

Opinion delivered December 30, 2015.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

4



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**DECEMBER 30, 2015**

**NO. 12-15-00152-CR**

**BARBARA BROOKSHIRE SAMFORD,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

---

Appeal from the County Court at Law No 2

of Angelina County, Texas (Tr.Ct.No. 15-0311)

---

THIS CAUSE came to be heard on the oral arguments, appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*