

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-18-00120-CR

JOSEPH LEE ESCOBAR, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 349th District Court
Houston County, Texas
Trial Court No. 16CR-192

Before Morriss, C.J., Burgess and Moseley,* JJ.

———————————
*Bailey C. Moseley, Justice, Retired, Sitting by Assignment

O R D E R

A Houston County[1] jury convicted Joseph Lee Escobar of possession of a controlled substance, methamphetamine, in an amount less than one gram.  After a punishment hearing, the trial court sentenced Escobar to two years' confinement in state jail, suspended the sentence, placed Escobar on community supervision for four years, and assessed a fine of $750.00, court costs of $405.00, and restitution of $180.00.

Escobar's appellate attorney filed a brief setting out the procedural history of the case, summarizing the evidence elicited during the course of the trial court proceedings, and concluding that the appellate record presents no arguable grounds to be raised on appeal.  Under the authority of *Anders v. California*, 386 U.S. 738, 743–44 (1967); *Stafford v. State*, 813 S.W.2d 503, 509–10 (Tex. Crim. App. 1991); and *High v. State*, 573 S.W.2d 807, 812–13 (Tex. Crim. App. [Panel Op.] 1978), counsel seeks to withdraw from his representation of Escobar.  Counsel sent a copy of the brief and his motion to withdraw to Escobar, advised Escobar of his right to review the record and file a pro se response, and advised him of the deadline to file his response.  We provided Escobar with a complete copy of the appellate record, advised him of the deadline to file his response, and then granted his motion for extension of time to file his response.  Escobar has not filed a pro se response.

After conducting our own review of the record, we have identified at least two issues appellate counsel should have addressed on appeal, but did not.  We grant counsel's request to

---

[1]Originally appealed to the Twelfth Court of Appeals in Tyler, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts.  *See* TEX. GOV'T CODE ANN. § 73.001 (West 2013).  We follow the precedent of the Twelfth Court of Appeals in this order.  *See* TEX. R. APP. P. 41.3.

withdraw from representation of Escobar, and we abate this matter to the trial court for the appointment of new appellate counsel.

The judgment of conviction provided, "Defendant is responsible for any court appointed attorney fees in this case," but did not assess a specific amount of attorney fees. Escobar was found to be indigent by the trial court. Under Article 26.05(g) of the Texas Code of Criminal Procedure, a trial court has the authority to order the reimbursement of court-appointed attorney fees only if the court determines that a defendant has financial resources that enable him to offset the costs of the legal services provided, including any expenses and costs, whether in whole or in part. TEX. CODE CRIM. PROC. ANN. art. 26.05(g) (West Supp. 2018). "[T]he defendant's financial resources and ability to pay are explicit critical elements in the trial court's determination of the propriety of ordering reimbursement of costs and fees" of legal services provided. *Armstrong v. State*, 340 S.W.3d 759, 765–66 (Tex. Crim. App. 2011) (quoting *Mayer v. State*, 309 S.W.3d 552, 556 (Tex. Crim. App. 2010)). A defendant placed on community supervision may challenge for the first time on appeal the sufficiency of the evidence supporting the assessment of attorney fees in his judgment of conviction. *Wiley v. State*, 410 S.W.3d 313, 320 (Tex. Crim. App. 2013). Here, the record is devoid of any determination or finding by the trial court that Escobar had financial resources or was otherwise able to pay the appointed attorney fees. Thus, there appears to be a meritorious issue regarding the sufficiency of the evidence supporting the assessment of attorney fees.

In addition, the order imposing conditions of community supervision ordered Escobar to, inter alia, "[p]ay to the Houston County Community Supervision and Corrections Department all

3

Court-appointed Attorney fees ordered by the Court," again without stating the amount of attorney fees Escobar was required to pay. Escobar signed the order, acknowledging that he had received and understood the conditions of his community supervision. No motion for new trial was filed challenging either the amount of attorney fees or the requirement to pay an unspecified amount of attorney fees.

No evidence of the amount of attorney fees appeared in the original appellate record filed with this Court. At our request, the district clerk filed a supplemental clerk's record containing a certified bill of costs. According to the bill of costs, the amount of attorney fees charged to Escobar was $3,037.50.

A trial court may require a defendant to reimburse all or part of the costs of legal services provided to the defendant as a condition of community supervision only "if the judge determines that the defendant has financial resources that enable the defendant to offset" such costs. TEX. CODE CRIM. PROC. ANN. art. 42A.301(b)(11) (West 2018). However, the trial court may not order the defendant to pay an amount exceeding the actual costs paid by the county. TEX. CODE CRIM. PROC. ANN. art. 42A.301(b)(11)(A). Generally, a defendant waives his right to challenge on appeal the imposition of financial obligations imposed as a condition of community supervision, unless he objects at the trial court. *Harris v. State*, No. 12-12-00398-CR, 2013 WL 3967744, at *2 (Tex. App.—Tyler July 31, 2013, no pet.) (mem. op., not designated for publication); *see Speth v. State*, 6 S.W.3d 530, 534–35 (Tex. Crim. App. 1999). However, this general waiver rule "assumes the [defendant] knew what the conditions were in time to object at trial." *Speth*, 6 S.W.3d at 534 n.9. In this case, there is no evidence in the appellate record (1) that Escobar has financial resources

4

that enable him to offset the costs of providing legal services or (2) that Escobar knew the amount of attorney fees he was required to pay in time to object at trial. Thus, there appears to be meritorious issues regarding the sufficiency of the evidence supporting the imposition of attorney fees as a condition of community supervision and whether Escobar waived his right to challenge the imposition of attorney fees as a condition of community supervision on appeal.

"When we identify issues that counsel on appeal should have addressed but did not, we need not be able to say with certainty that those issues have merit; we need only say that the issues warrant further development by counsel on appeal." *Wilson v. State*, 40 S.W.3d 192, 200 (Tex. App.—Texarkana 2001, order). In such a situation, we "must then guarantee appellant's right to counsel by ensuring that *another attorney* is appointed to represent appellant on appeal." *Stafford*, 813 S.W.2d at 511 (citing *Anders*, 386 U.S. at 744).

We grant current counsel's motion to withdraw, and we abate this case to the trial court for the appointment of new appellate counsel. The appointment is to be made within ten days of the date of this order. Appellate counsel is to address the issues presented here, as well as any other issues that warrant further development on appeal.

A memorialization of the trial court's appointment shall be entered into the record of this case and presented to this Court in the form of a supplemental clerk's record within ten days of the date of appointment.

All appellate timetables are stayed and will resume on our receipt of the supplemental clerk's record.

IT IS SO ORDERED.

BY THE COURT

Date:  January 4, 2019